# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

CAVINE L. HAYDEN,

    Plaintiff,

v.

INDEBTED USA, INC.., and THE BUREAUS, INC. d/b/a BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15, LLC,

    Defendants.
_____/

CASE NO.: 0:22-cv-60947

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes CAVINE L. HAYDEN ("Plaintiff"), by and through the undersigned, complaining as to the conduct of INDEBTED USA, INC. ("InDebted") and THE BUREAUS, INC. d/b/a BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15, LLC ("BIG") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Fla. Stat. § 559.55 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), over 18 years of age residing in Coral Beach, Florida, which lies within the Southern District of Florida.

5. InDebted is a third party debt collector claiming to provide a digital collections platform for its clients and consumers. InDebted is a limited liability company organized under the laws of the state of Missouri with its principal place of business located at 62 North Central Drive, O'Fallon, Missouri.

6. BIG is a third party debt collector and debt purchaser whose primary purpose as a business revolves around the collection of purportedly past due consumer obligations. BIG is an entity organized under the laws of the state of Illinois with its principal place of business located at 650 Dundee Road, Suite 370, Northbrook, Illinois.

7. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendants' attempts to collect upon an outstanding debt ("subject debt") said to be owed by Plaintiff.

10. The subject debt stems from Plaintiff's purported defaulted and past due payments owed in connection with a Comenity Bank ("Comenity") credit card Plaintiff used for her personal purposes.

11. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off by Citibank, and eventually sold to BIG.

12. In order to effectuate collection of the subject debt, BIG began placing the subject debt with various debt collectors.

13. Prior to the conduct giving rise to this claim, the subject debt was being collected by Superlative RM ("Superlative").

14. In connection with Superlative's collection efforts, Plaintiff initiated a lawsuit in the Southern District of Florida against Superlative ("prior litigation"), which was ultimately resolved through settlement.

15. In connection with such settlement, BIG knew that Plaintiff was actively represented by counsel in connection with the subject debt.

16. Upon information and belief, following the settlement in the prior litigation, BIG placed the subject debt with InDebted for collection purposes.

17. On or about May 2, 2022, InDebted, at the direction of BIG, sent or caused to be sent to Plaintiff a collection letter seeking collection of the subject debt.

18. As such, despite knowing Plaintiff to be actively represented by counsel in connection with the subject debt, Defendants communicated directly with Plaintiff in an effort to collect the subject debt from Plaintiff.

19. Defendant's conduct invaded Plaintiff's privacy, caused her to lose time addressing Defendants' improper communications which should have gone to her known counsel, and denied her the benefit of her bargain in retaining an attorney with regard to the subject debt.

20. Furthermore, Defendants' collection letter was the first written communication Plaintiff received from InDebted in connection with the subject debt.

21. As such, the collection letter was required to comply with the recently amended Regulation F, under 12 C.F.R. § 1006 *et seq.,* which includes a number of requirements for debt collectors' initial communications with consumers. *See* 12 C.F.R. § 1006.34.

22. However, InDebted's collection letter fails to contain a number of vital pieces of information regarding the subject debt, including but not limited to an itemization of the subject debt as well as information regarding consumer protections which were available to Plaintiff.

23. As a result of InDebted's failures, Plaintiff wasted time scouring records to confirm whether the information contained in the collection letter was accurate and to see if there were more specific information available regarding the subject debt, despite Defendants' obligation to provide such information in a clear and conspicuous manner.

24. Confused and frustrated with Defendants' collection efforts, Plaintiff spoke with the undersigned regarding her rights, resulting in further wasted time and the accrual of expenses.

25. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to: emotional distress, lost time dealing with Defendants' conduct, invasion of privacy, denial of the benefit of her bargain, ,being denied substantive information designed to allow Plaintiff to chart an intelligent course of conduct in response to Defendant's collection efforts, and a violation of her state and federally protected rights to be free from harassing, deceptive and noncompliant conduct on behalf of debt collectors.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendants are debt collectors, as defined by 15 U.S.C. § 1692a, because they are persons who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because they regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

29. BIG, as a debt purchaser and debt collector, would not exist but for their use of instruments of interstate commerce in a business the principal purpose of which is the collection of debts. BIG's *raison d'etre* is to purchase debts and collect, directly and indirectly, such debts, underscoring that it is a business the principal purpose of which is the collection of debts.

30. BIG is directly liable under the FDCPA for their conduct as a debt collector, as well as vicariously liable for the FDCPA violations engaged in by InDebted. Upon information and belief, BIG and InDebted enjoy a principal-agent relationship, respectively, such that BIG enjoyed substantial control over the nature of InDebted's collection efforts directed towards Plaintiff.

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § 1692c(a)(2)**

32. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt . . . ."

33. Defendants violated § 1692c(a)(2) when it knowingly communicated with a consumer who was represented by counsel with respect to the subject debt. Defendants, by virtue of the prior litigation, were plainly aware that Plaintiff was represented by counsel in connection with the subject debt. However, despite this knowledge, Defendants directed their collection efforts directly to Plaintiff through written communications, in clear violation of the FDCPA.

    b.  **Violations of FDCPA § 1692f**

34. The FDCPA pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendants violated § 1692f through their unfair efforts to collect a debt from Plaintiff despite knowing her to be represented by counsel with respect to the subject debt. Defendants knew their conduct was improper yet disregarded this impropriety in an unfair attempt to seek payment from Plaintiff on the subject debt.

    c.  **Violations of FDCPA § 1692g and 12 C.F.R. § 1006.34**

36. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), outlines various pieces of information that debt collectors must include in their initial communications with consumers. Regulation F, effective as of November 30, 2021, supplements § 1692g(a) with more explicit and detailed information that debt collectors *must* include in their initial communications in order to comply with the FDCPA and Regulation F. *See* 12 C.F.R. § 1006.34(c). Such information includes "the itemization date", § 1006.34(c)(2)(vi), "the amount of the debt on the itemization date", § 1006.34(c)(2)(vii), and "an itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date." § 1006.34(c)(2)(vii). Furthermore, under § 1006.34(c)(3)(iv), debt collectors collecting on a consumer finance product must similarly furnish

information regarding consumer's available rights as provided by the Consumer Financial Protection Bureau ("CFPB").

37. Defendants violated 15 U.S.C. § 1692g(a) and 12 C.F.R. § 1006.34 through their blatant failures to provide the extent of requisite information regarding the subject debt to Plaintiff in their collection letter. These provisions and requirements are designed to provide consumers information directly from those seeking collection of a debt in a manner that explains the full nature and extent of such debt, in turn facilitating a consumer's complete understanding of the obligation and having all relevant information when deciding how to respond to a debt collector's collection efforts. Defendants' failures deprive consumers, and deprived Plaintiff, of such substantive information which would have allowed Plaintiff to more readily determine the nature and appropriateness of Defendants' collection efforts. As a direct result of Defendant's failures, Plaintiff lost time attempting to supplement the information which Defendants' collection letter failed to provide.

WHEREFORE, Plaintiff, CAVINE L. HAYDEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

38. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by Fla. Stat. §559.55(8).

40. Defendants are "debt collector[s]" as defined by Fla. Stat. §559.55(7).

41. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

    a. **Violations of FCCPA § 559.72(18)**

42. Pursuant to Fla. Stat. § 559.72(18), a debt collector may not "[c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . . ."

43. Defendants violated § 559.72(18) of the FCCPA through their collection efforts directed towards a known represented party. As discussed above, Defendants knew, by virtue of the prior litigation, that Plaintiff was actively represented by counsel with respect to the subject debt. Notwithstanding this knowledge, they nevertheless communicated directly with Plaintiff in an effort to collect the subject debt.

WHEREFORE, Plaintiff, CAVINE L. HAYDEN respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Enter judgment in Plaintiff's favor and against Defendant;

    b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Fla. Stat. §559.77(2);

    c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

    d. Award Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Fla. Stat. §559.77(2);

 e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

 f. Award any other relief this Honorable Court deems equitable and just.

Dated: May 18, 2022

Respectfully submitted,

s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
alejandrof@sulaimanlaw.com